**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAYMOND HILL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-5019** |
| | : | |
| **CHESTER COUNTY PRISON,** *et al.*, | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 9th day of February, 2026, upon consideration of Plaintiff Raymond Hill's Amended Complaint (ECF No. 14), and Second Amended Complaint (ECF No. 15), and for the reasons stated in the Court's Memorandum accompanying the Order, **IT IS HEREBY ORDERED** that:

1.      The Second Amended Complaint (ECF No. 15) is **STRICKEN** as a duplicate of the Amended Complaint filed at ECF No. 14.

2.      All claims except for the First Amendment retaliation claim for damages against Defendant Dennsion are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This includes all claims against the Commonwealth of Pennsylvania and Chester County, official capacity claims, and any other claims aside from the retaliation claim against Defendant Dennision.

3.      The Clerk of Court is **DIRECTED** to **TERMINATE** all Defendants **EXCEPT** Defendant Dennision from the case.

4.      The Clerk of Court is specially appointed to serve a written waiver request on Correctioal Oficer Dennision, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service at Chester County Prison, 501 S. Wawaset Rd., West Chester, PA 19382.

5.      The waiver of service request shall be accompanied by a copy of the Amended Complaint (ECF No. 14), this Order, and the Court's accompanying Memorandum, and shall inform the Defendant of the consequences of compliance and failure to comply with the request. The request shall allow the Defendant at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver.

6.      If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

7.      The Clerk of Court is **DIRECTED** not to issue the summons until further order of this Court.

8.      No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery.  This means the Court **will not consider discovery motions** unless or until discovery is authorized.  At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

9.      Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

10.     Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed. Hill is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

11.     Once discovery is permitted, Hill should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  In accordance with Local Rule 26.1(f), Hill shall attempt to resolve any discovery disputes by contacting Defendant's counsel directly by telephone or through correspondence.

12.     No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

13.     In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change.  Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

14.     Hill may file a motion for voluntary dismissal of this case at any time if he decides not to pursue it.  In making this decision, Hill should consider the statute of limitations governing his claims.

**BY THE COURT:**

**/s/ John R. Padova, J.**

_____

**JOHN R. PADOVA, J.**